UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT E. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12-CV-1391 CAS |
| | ) |
| MISSOURI CHILD SUPPORT | ) |
| ENFORCEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's complaint. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must review a complaint when it is filed and dismiss it if subject matter jurisdiction is lacking. Moreover, a complaint filed in forma pauperis must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the complaint, the Court finds that it must be summarily dismissed.

Plaintiff brings this action against the Missouri Child Support Enforcement Program; Judge Thea A. Sherry; Judge Lawrence J. Permuter, Jr.; Katherine Jecklin, prosecutor; and Todd A. Mandel, attorney. Plaintiff claims that defendants have violated his rights by enforcing Missouri's child support laws against him. From his exhibits, the Court infers that plaintiff believes that he is a "sovereign citizen" and not subject to the laws of Missouri because of his alleged Moorish heritage. Plaintiff was convicted of felony non-support in the St. Louis County Circuit Court, and he wants the Court to overrule the state court's decision and expunge his record.

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d

160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id. As a result, this Court lacks jurisdiction to hear plaintiff's claims.

In addition, this Court lacks jurisdiction over the subject matter of this case, i.e., child support. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."); Lannan v. Maul, 979 F.2d 627, 631 (8th Cir. 1992) ("child support obligations [are] within the domestic relations exception domain"). For these reasons, the Court must dismiss this action for lack of jurisdiction.

Finally, fatal to plaintiff's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States. See Benton-El v. Odom, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007); Osiris v. Brown, 2004 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); Khattab El v. United States Justice Dept., 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988). Plaintiff cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984). Plaintiff's purported status as a Moorish-American citizen, therefore, does not enable him to violate state or federal laws without consequence. Even if plaintiff is a Moorish citizen, he would be an alien under United States law, and as an alien, he must obey the laws of this country. See Leonard v Eley, 151 F.2d 409, 410 (10th Cir. 1945); United States v. Lee-El, 2009 WL 4508565, at *1 (D. Kan. Nov. 24, 2009); Osiris, 2004 WL 2044904, at *2; Khattab El, 1988 WL 5117, at *2. As a result, plaintiff's allegations are legally frivolous as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted permission to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of September, 2012.